IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SUE SPENCER,

        Plaintiff,

vs.                                            CIVIL NO. 00-1774 JP/LFG

JOSEPH A. SOMMER and SOMMER,
FOX, UDALL, OTHMER, HARDWICK
& WISE, P.A.,

        Defendants.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Plaintiff's Motion for Additional Discovery and to Continue Response Date to Defendants' Motion for Summary Judgment [Doc. 23], served on October 23, 2001. This motion is governed by the "package" procedures under D.N.M.LR-Civ. 7. Accordingly, Defendants timely served their response in opposition on November 19, 2001. Plaintiff's reply was due fourteen (plus three mailing) days after service. Plaintiff, however, did not file a reply and, therefore, did not challenge any of the factual assertions contained in Defendants' response.

After reviewing the motion package, consisting only of the motion, supporting affidavit and response, and various exhibits, filed of record on November 21, 2001, I have determined that oral argument is not necessary and that Plaintiff's motion should be granted in part, and denied in part. The motion is granted to the extent that Plaintiff will be permitted additional time to prepare a response to the motion for summary judgment. Plaintiff's response must be served on Defendants

by no later than January 17, 2002.[1]  Plaintiff's request for discovery prior to responding to the motion for summary is denied for the reasons explained below.

**Background**

In December 2000, Plaintiff Sue Spencer ("Spencer") filed a legal malpractice, deceit, and breach of fiduciary duty complaint allegedly arising out of services performed by Personal Representative Joseph A. Sommer, and his attorneys, Sommer, Fox, Udall, Othmer, Hardwick & Wise, P.A., in matters relating to the Estate of Charles F. Spencer, deceased, filed in the First Judicial Court in the County of Santa Fe, New Mexico, in Cause No. 89-136.

At the Fed. R. Civ. P. 16 scheduling conference conducted on June 27, 2001, the Court was apprised by Defendants that they had served a motion for summary judgment on Spencer [Doc. 19]. The motion was served by mail on June 8, 2001.  Thus, the response time for the motion was June 25, 2001.  Spencer sought and Defendants agreed to an extension through the first week of July.  In the motion for summary judgment, Defendants sought dismissal of Spencer's lawsuit, arguing that her claims were filed far beyond the time permitted under the applicable statute of limitations. Defendants argued that Spencer's claims for legal malpractice, claims for deceit, and claims arising out of the probate proceedings are all time barred under New Mexico law.

---

[1] Plaintiff's request for additional time in which to respond to the motion for summary judgment could be denied on technical grounds since Plaintiff served this motion after the deadline of September 30, 2001, the last extension agreed to by the parties for serving a response.  Plaintiff neither sought nor obtained any further extension. While the Court's order, [Doc. 15], noted that the filing of a Rule 56(f) affidavit would toll the time to respond to the motion, it was abundantly clear that the Rule 56(f) affidavit, if any, would be filed prior to the expiration of the response time.  Notwithstanding Plaintiff's untimely request, she will be permitted to serve an opposition brief based on the Court's preference to decide matters on the merits.  Defendants will be allowed to serve a new substantive reply to Plaintiff's response in accordance with deadlines set under Local Rule 7.6(a) and should then file the motion package with the Court.

Additionally, Defendants sought summary dismissal of Spencer's claims on the basis of *res judicata* or collateral estoppel. Defendants argued that Spencer previously raised the same issues, claims and causes of action against the same parties in a prior state court proceeding, which resulted in a final decision on the merits. Moreover, apparently no appeal was taken from the order closing the estate and discharging the Personal Representatives from any claim or demands from any interested persons.

Finally, Defendants sought dismissal of Spencer's claims on jurisdictional grounds, stating that the probate exception to federal court jurisdiction deprives the Court of subject matter jurisdiction over Spencer's claims.

Due to the pendency of the motion for summary judgment, the Court entered an order assigning this case to the administrative track and temporarily stayed discovery. The Court's order [Doc. 15] states in relevant part:

> While the parties disagree whether this case is amenable to a resolution under Rule 56, they nonetheless agree that discovery should be stayed pending the Court's consideration and disposition of Defendants' summary judgment motion.
>
> Thus, in accord with the cost-savings provisions of the Civil Justice Reform Act, 28 U.S.C. § 471 *et seq.*, and pursuant to the district's Civil Justice Expense and Delay Reduction Plan, this case will be temporarily assigned to the district's administrative case management track pending the Court's consideration and disposition of the Rule 56 motion. No discovery is permitted in cases assigned to this case management track unless the Court specifically authorizes a party's request for discovery.
>
> Given the length of Defendants' potentially dispositive motion, Plaintiff sought and obtained an extension of time within which to

respond. The parties currently agree that the response will be due during the first week of July 2001.[2]

The Court provided the parties with guidance on how to proceed in the event Spencer sought to engage in limited discovery so as to respond to the motion for summary judgment. The Court's order stated:

> In the event Plaintiff seeks to engage in limited discovery so as to enable her to respond to Defendants' *prima facie* showing, Plaintiff must proceed by way of Rule 56(f) affidavit. The filing of the affidavit will toll the time for serving a response to the motion for summary judgment.
>
> In the event Plaintiff requests discovery, Plaintiff's counsel should carefully outline in the Rule 56 affidavit what discovery is necessary and how the proposed discovery will assist Plaintiff in responding to Defendants' motion for summary judgment. The Rule 56 affidavit will be presented to the magistrate judge, who will make a preliminary determination of whether, and to what extent if any, discovery should be permitted. Should the judge determine that limited discovery is appropriate, an order will be issued outlining what discovery may be taken and establishing a deadline for completion of that discovery. Discovery, if any, will be narrowly tailored to the issues raised in Defendants' motion for summary judgment. Maxey by Maxey v. Fulton, 890 F.2d 279, 282 (10th Cir. 1989). The Court's order authorizing discovery will also establish a new date to respond to the motion for summary judgment.
>
> Alternatively, following its review of Spencer's Rule 56(f) affidavit, should the Court determine that no discovery should be permitted, the Court will then deny the request for discovery and also establish a new deadline for responding to the motion for summary judgment.

(Doc. 15, pp. 2 and 3).

Thus, pursuant to this order, Spencer should have responded to Defendants' motion for summary judgment within the extended time agreed to by the parties. If, prior to the expiration of

---

[2]Defendants subsequently agreed to Spencer's request for a further extension of time until September 30, 2001, within which to serve her response to the motion for summary judgment.

4

that time, Spencer determined that some discovery was necessary, Spencer was to proceed by way of Rule 56(f) affidavit.

In this case, the parties agreed that Spencer could have until September 30, 2001, to serve a response to the motion for summary judgment. Spencer also would have had until September 30 to submit a Rule 56(f) affidavit. There is no record that Spencer requested any further extension of time within which to serve her response or an affidavit. Spencer did not serve her request for additional discovery and Rule 56(f) affidavit until October 23, 2000, well after the response time to the motion for summary judgment had expired. Spencer's motion for additional discovery and affidavit offer no explanation as to why the request is so tardy or why she did not make another request for an extension prior to allowing the September 30 deadline to pass.

## Discussion

A. Rule 56(f) Affidavits

"Rule 56(f) allows a court to stay or deny a summary judgment motion in order to permit further discovery if the nonmovant states by affidavit that it lacks facts necessary to oppose the motion." Price v. Western Resources, Inc., 232 F.3d 779, 783 (10th Cir. 2000). Generally, Rule 56(f) affidavits are "treated liberally unless dilatory or lacking in merit." Patty Precision v. Brown & Sharpe Mfg. Co., 742 F.2d 1260, 1264 (10th Cir. 1984). However, Rule 56(f) protection is not automatic, and a party must satisfy certain requirements before invoking Rule 56(f). Price, 232 F.3d at 783. The Tenth Circuit has summarized the requirements of Rule 56(f), in part, as follows:

> . . . Although the affidavit need not contain evidentiary facts, it must explain why facts precluding summary judgment cannot be presented. This includes identifying the probable facts not available and what steps have been taken to obtain these facts. In this circuit, the nonmovant also must explain how additional time will enable him to rebut movant's allegations of no genuine issue of fact.

5

Price, 232 F.3d at 783 (internal citations omitted.)

The Tenth Circuit also has made clear that conclusory affidavits, general assertions that the evidence supporting a party's allegation is in the hands of the opposing party, or attempts to seek information that is irrelevant to the motion for summary judgment are insufficient to delay or defeat a summary judgment. Id. at 784; Patty Precision, 742 F.2d at 1264. Similarly, "mere assertions that discovery is incomplete or that specific facts necessary to oppose summary judgment are unavailable" also are inadequate to invoke Rule 56(f). Pasternak v. Lear Petroleum Exploration, Inc., 790 F.2d 828, 833 (10th Cir. 1986).

A party seeking limited discovery under Rule 56(f) must explain "with specificity how the desired time would enable [the nonmoving party] to meet its burden in opposing summary judgment." Jensen v. Redevelopment Agency of Sandy City, 998 F.2d 1550, 1554 (10th Cir. 1993) (internal citations omitted). The party must show precisely how additional discovery will demonstrate a genuine issue of material fact. See id. The party requesting relief under Rule 56(f) must set forth by affidavit the evidence she expects to discover for purposes of opposing the motion for summary judgment. Jarvis v. Nobel/Sysco Food Services Company, 985 F.2d 1419, 1423 (10th Cir. 1993).

The public policy reasons for requiring this specificity are apparent. The very purpose of Rule 56 is to avoid the expense and delay of the litigation process, including the burden of extensive discovery, in those instances where a party is entitled to judgment as a matter of law. In the absence of the specificity requirement in Rule 56(f), a party opposing summary judgment could compel long, protracted and expensive discovery, while conducting nothing more than a fishing expedition in the movant's files.

In this case, Spencer has not provided, in detail or with the precision required, how the proposed discovery will assist her in responding to Defendants' position that all of Spencer's claims are time-barred or foreclosed by the doctrines of *res judicata* and/or collateral estoppel. Instead, Spencer's request for additional discovery [Doc. 23] and Affidavit of Attorney Schiefelbein [Doc. 24] primarily contain vague and general assertions that the documents pertaining to this matter are voluminous, not self-explanatory, and must be examined in further detail. While Spencer apparently was aware of these issues by mid-September 2001, she did not request additional time in which to prepare a response to the motion for summary judgment or a Rule 56(f) affidavit. Spencer's conclusory statements are insufficient to warrant additional time to conduct limited discovery under Rule 56(f). See International Surplus Lines Insurance Company v. Wyoming Coal Refining Systems, Inc., 52 F.3d 901, 905 (10th Cir. 1995) (attorney's representations that material sought was of "critical importance" and that the party would be "seriously prejudiced" did not show how additional discovery could have defeated summary judgment.)

It also is far from clear that Spencer did not receive the documentation in time to conduct a thorough review of the documents and prepare the detailed Rule 56(f) affidavit that is required. While Spencer's attorney claims that he did not receive the documents until August or September [Doc. 23 at p.3; Doc. 24 at pp. 2-3], it appears that Spencer's local counsel was provided with the documents in mid-July, 2001. [Doc. 22, Ex. A at ¶¶ 3-4.] Thus, delays, if any, are attributed to Spencer's representation and not to any foot-dragging by Defendants.

The remainder of Spencer's request for additional discovery and accompanying affidavit simply re-states Defendants' arguments for summary judgment and summarizes the law with respect to the statutes of limitations defense. Spencer argues that she requires discovery in the form of two

depositions regarding "[s]pecific factual issues, includ[ing] the date, scope, and duration of the Sommer Firm's representation of the Estate and the heirs, the date, scope and duration of Mr. Sommer's conduct as personal representative, specific discussions between the parties regarding the above, and what disclosures, if any, were made to Plaintiff during said representation." [Doc. 23 at p.4.] In his affidavit, Spencer's attorney further attests:

> Plaintiff needs to depose these parties regarding the scope of representation each provided, and the written and oral communication between the parties over a ten year period that might bear on the issues raised by a limitations defense. It would be unjust to require Plaintiff to make a formal response to Defendants' limitations defense without permitting depositions as to the key defendants in this case and to obtain their testimony in connection with the documents that bear on the issue of the attorney-client relationship and the fiduciary relationship between the parties.

[Doc. 24 at p. 4.] Spencer's attorney also testifies that the depositions are necessary to elicit testimony regarding the defense of *res judicata* and collateral estoppel. [Doc. 24.]

Spencer's assertions regarding the need to depose "key defendants" and to obtain testimony about the "date, scope and duration" of representation do not provide any specificity as to how Spencer intends to counter Defendants' statute of limitations arguments or the defenses of *res judicata* and collateral estoppel. Spencer has not identified *any* "probable facts" that might be uncovered through additional discovery. Spencer's arguments amount to little more than a request to engage in broad discovery in the hope of uncovering something helpful. It simply is not enough to state generally that Plaintiff seeks to find out about the "date, scope and duration" of representation. Related litigation, of which Spencer has been a participant, proceeded for over ten years in this matter. If, for example, Plaintiff intends to rebut Defendants' position with respect to the limitations defense, she must provide sufficient specificity in a Rule 56(f) affidavit to show that the evidence she would discover regarding dates of representation or alleged injuries could

8

demonstrate that her claims are timely. Spencer's assertions, both in the request for additional discovery and her attorney's affidavit are conclusory and lack the required specificity to demonstrate how she intends to counter the defenses set forth in the motion for summary judgment.

B.      Time Computations under Rule 6

Spencer's failure to seek additional discovery prior to the deadline of September 30, 2001, provides an additional basis for denying her request. Time computations are determined by Rule 6, which requires that the request be made before the expiration of the period originally prescribed or extended by previous order. Subsection 2 allows an enlargement where the request is made after the expiration of the specified period, but the failure to act was the result of excusable neglect. Shaw v. Panasonic Co., 98 F.3d 1350, 1996 WL 584913 at *2 (10th Cir. 1996); *see also* Canup v. Mississippi Val. Barge Line Co., 31 F.R.D. 282, 283 (W.D. Pa. 1962)("[p]roper procedure, when additional time for any purpose is needed, is to present the Court a timely request for extension of time (i.e., a request presented before the time then fixed for purpose in question has expired")).

In this case, Spencer did not file her Rule 56(f) affidavit and her request for an extension of time to respond to the motion for summary judgment until well after the response time to the motion for summary judgment had expired. Spencer has not provided any evidence to the contrary or any explanation for why she did not seek an extension before the deadline had passed. Because there is no evidence of excusable neglect for Spencer's untimely request, her motion for additional discovery will be denied on that ground in addition to the reasons set out above.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Additional Discovery and to Continue Response Date to Defendants' Motion for Summary Judgment [Doc. 23] is GRANTED to the extent that Plaintiff will be given until January 17, 2002, in which to serve on Defendants a

response to the motion for summary judgment, and DENIED with respect to Plaintiff's request for additional discovery.

_____
United States Magistrate Judge